# Birmingham Water Works Co. *v.* Copeland.

*Damage for Bursting Water Pipe.*

(Decided June 10, 1909.　50 South. 57.)

1. *Charge of Court; Abstract Charge.*—Where there was nothing in the pleading or evidence to indicate that any special damages were claimed on account of the bursting of the pipe on Christmas Eve, charges asserting that the plaintiff could not claim any greater or special damages because of the bursting of the pipe and the throwing of water in the house on Christmas Eve, were properly refused as abstract.

2. *Same; Argument of Counsel.*—Charges which are requested merely as an answer to argument of counsel, are properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by G. W. Copeland against the Birmingham Waterworks Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The two charges referred to in the opinion are as follows: "(1) I charge you that in assessing the damages

[Birmingham Water Works Co. v. Copeland.]

the jury cannot take into consideration the fact that it was Christmas Eve. (2) I charge you that you cannot allow the plaintiff any greater damages because of the fact that the pipe broke and the water was thrown into his house on Christmas Eve." It appears from the record that, in closing argument for plaintiff, plaintiff's counsel referred to the fact that the water was thrown in plaintiff's house and interferred with it on the eve of Christmas, and he requested the jury to award more damages on that account. The court instructed the jury that it could not award examplary damages, but actual damages only.

JOHN LONDON, for appellant. The charges requested should have been given.—*Pollack v. Gantt,* 69 Ala. 373; *Sims v. Glazener,* 14 Ala. 695; *Bates v. Warrick,* 69 Atl. 185; 2 Bedg. on Dam. 428.

BOWMAN, HARSH & BEDDOW, for appellee. Counsel discussed authorities cited by appellant and conclude that they are directly opposed to appellant's contention, and support the action of the trial court.

SIMPSON, J.—This action, by the appellee against the appellant, is for damages claimed to have been suffered by the plaintiff from the bursting of a water pipe of the defendant, causing injury to the property and health of plaintiff and his family. The only assignments of error relate to the refusal of the court to give the two charges set out.

There is nothing in the pleading or evidence to indicate that any special damages were claimed because of the fact that the bursting of the pipe occurred on Christmas Eve. The trial judge charged out the second count in the complaint, and also properly charged the jury

that they could not award "any examplary or punitive damages."

The said charges requested and refused seem to be merely to answer the argument of counsel representing the plaintiff, and this court has frequently held that the court cannot be placed in error for the refusal to give such charges.—*Barnes v. State,* 134 Ala. 37, 41, 32 South. 670; *White v. State,* 133 Ala. 123, 127, 32 South. 139; *Mitchell v. State,* 129 Ala. 25, 39, 30 South. 348.

The judgment of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.